# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL CROCKETT )<br>   and )<br>PATRICK IVLOW-PAQUETTE )<br>   on behalf of themselves and all others )<br>   similarly situated )<br>)<br>                     PLAINTIFFS, )<br>)<br>v. )<br>)<br>AM NET SERVICES, INC. )<br>   and )<br>CROSSLINK WIRELESS, L.L.C. )<br>)<br>                     DEFENDANTS. ) | Case No. _____<br><br>Division _____<br><br>REQUEST FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES
## Collective Action Under The FLSA And Wage-Related
## Class Claims Pursuant to Fed. R. Civ. P 23

COME NOW Plaintiffs Michael Crockett (hereinafter "Plaintiff Crockett") and Patrick Ivlow-Paquette (hereinafter "Plaintiff Ivlow-Paquette") on behalf of themselves and a class of others similarly situated, and for their cause of action against Defendants Am Net Services, Inc., ("Defendant Am Net"), Crosslink Wireless, L.L.C. ("Defendant Crosslink")(hereinafter referred to jointly as "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendants for unpaid wages overtime compensation and related penalties and damages. Defendants predominantly provide service solutions for telecommunication networks.

2. Defendants' practices and policies are to misclassify employees as independent contractors and willfully fail and refuse to properly pay Plaintiffs, and others similarly

situated, for all hours worked in violation of federal and state mandated overtime wages. Doing so denies such employees compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (FLSA) and gives rise to wage-related class claims pursuant to Fed. R. Civ. P. 23.

3. Defendants' practices are in direct violation of the FLSA and provide the basis for wage-related class claims pursuant to Fed. R. Civ. P. 23 and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

1. Plaintiff Crockett currently resides in Jasper County, Joplin, Missouri. Plaintiff Crockett worked for Defendants out of Joplin, Missouri servicing Defendants' Missouri and Kansas markets.

2. Plaintiff Ivlow-Paquette currently resides in Jackson County, Independence, Missouri. Plaintiff Ivlow-Paquette worked for Defendants out of Independence, Missouri servicing Defendants' Missouri and Kansas markets.

3. Others similarly situated for the purposes of this collective and/or class action, also work and/or worked for Defendants as RF Engineers and were misclassified as independent contractors.

4. Plaintiffs currently work for Defendants as RF Engineers since approximately 2017.

5. Defendant Am Net, is a corporation organized under the laws of the State of New Jersey and does business in the State of Missouri and throughout the United States, with its principal place of business in Fairfield, New Jersey.

2

Case 4:20-cv-00417-JTM   Document 1   Filed 05/29/20   Page 2 of 19

6. Defendant Crosslink is a limited liability company organized under the laws of the State of New Jersey and does business in the State of Missouri and throughout the United States, with its principal place of business in Fairfield, New Jersey.

7. Upon information and belief, Defendants are joint and/or single employers of the plaintiffs and others similarly situated with substantial interrelation of operations, and common ownership and/or financial control.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business within this District.

10. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants conduct business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

12. At all relevant times, Defendants have been "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed "employee[s]," including the putative representative action Plaintiffs and those persons situated similarly to the Plaintiffs as described herein. At all

relevant times, Plaintiffs and the other members of the class were engaged in commerce and/or worked for Defendants, which are an enterprise engaged in commerce.

13. Plaintiffs are under information and belief that damages are in excess of $5,000,000.

## COLLECTIVE AND CLASS ALLEGATIONS

14. Plaintiffs, and others similarly situated, hold the positions of RF Engineers for Defendants providing drive tester services and related activities.

15. Defendants are associated with each other concerning the work conditions and the hiring and firing of Plaintiffs and others similarly situated.

16. Plaintiffs, and others similarly situated, work exclusively for Defendants in the telecommunication industry and cannot contact, solicit, or provide any services to current of past clients of Defendants for a time period of up to one (1) years after working for Defendants or participate directly or indirectly in any capacity with any business that is in competition with Defendants.

17. Plaintiffs, and others similarly situated, do not advertise their services as independent businessmen in the telecommunication industry.

18. Throughout Plaintiffs employment, Defendants have provided training to Plaintiffs, and others similarly situated, for, including but not limited to, engineering software, tower testing, band testing, Cloud Radio Access Network ("CRAN") testing, and alternative projects requiring new kits or vendors.

19. Defendants tell Plaintiffs, and others similarly situated, their assignments each day and set their work hours.

4

20. Defendants provide Plaintiffs, and others similarly situated, drive test kits, navigation tools, invertors, fuel cards, sim cards, cables, laptops, scanning equipment, and testing cellphones.

21. Defendants reimburse Plaintiffs, and others similarly situated, for their hotel expenses.

22. Defendants have control over Plaintiffs, and others similarly situated, and instruct them they are not allowed to take restroom breaks, meal breaks, or sleeping breaks until each assignment is completed.

23. Defendants approve Plaintiffs', and others similarly situated, work.

24. Plaintiffs, and others similarly situated, report to Defendants nightly summaries and updates on their work.

25. In approximately May 2019, Plaintiff Crockett reported to Supervisor Chandra Mohan Pal ("Supervisor Mohan Pal") that he was misclassified as an independent contractor. Supervisor Mohan Pal told Plaintiff Crockett that if he felt that way to sue Defendants. Plaintiff Crockett stated that if he really was an independent contractor he could refuse to go to an assignment in the middle of nowhere Kansas. Supervisor Mohan Pal responded that if Plaintiff Crockett did not go to the assignment he would be fired.

26. In approximately the end of April 2020, Plaintiff Crockett filed for unemployment benefits with the State of Missouri and reported information that he was misclassified by Defendants as an independent contractor. The Missouri Department of Labor determined Plaintiff Crockett was misclassified as an independent contractor.

27. On or about May 20, 2020, Supervisor Mohan Pal told Plaintiff Crockett to give all his sim cards to Plaintiff Ivlow-Paquette and brought up Plaintiff Crockett reporting Defendants to the State of Missouri. Plaintiff Crockett responded that all he did was go

5

Case 4:20-cv-00417-JTM   Document 1   Filed 05/29/20   Page 5 of 19

after his unemployment and if Defendants are breaking the law, that is on them. Supervisor Mohan Pla then informed Plaintiff Crockett the he could try, but Defendants had a team of lawyers. Plaintiff Crockett then explained to Supervisor Mohan Pal why he is misclassified as an independent contractor. Supervisor Mohan Pla responded that all drive tester companies are doing the same things or worse.

28. On the same day, Plaintiff Ivlow-Paquette asked Supervisor Mohan Pla if he could drive to pick-up Plaintiff Crocket's sim cards the next day, but Supervisor Mohan Plan responded that he had to go that day.

29. Plaintiffs, and others similarly situated, are required to perform work for Defendants in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs. Defendants have failed and continue to fail to compensate Plaintiffs, and others similarly situated, for this time.

30. Plaintiffs, and others similarly situated, are not properly compensated for this work at the applicable rate of pay.

31. Plaintiffs and others similarly situated are improperly compensated under the FLSA, applicable state wage statutes, including without limitation Mo. Rev. Stat. § 290.500, et seq, and common law. All such other employees are hereinafter referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

32. These "similarly situated" workers are not properly compensated for their work at the legal and proper rate of pay, including overtime wages as mandated by the FLSA and Missouri wage law.

33. The FLSA requires each covered employer, such as Defendants, to compensate Plaintiffs and others similarly situated for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

34. All similarly situated RF Engineers working for Defendants are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job.

35. All similarly situated RF Engineers are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires RF Engineers to perform work without compensation as an integral and indispensable part of the principle activities of performing their job. In turn, these practices deny similarly situated RF Engineers overtime compensation.

36. The quantum meruit claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a class action. The Class in said class action consists of all current and former RF Engineers who were misclassified as independent contractors and who were required to perform work beyond (40) hours a week without adequate compensation and who have worked for Defendants at any time during the last five (5) years. Plaintiffs, on behalf of others similarly situated, seek relief on a class basis challenging Defendants' failure to pay the Class for overtime wages.

37. The unjust enrichment claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a class action. The Class in said class action consists of all current and former RF Engineers who were required to perform work beyond (40) hours a week without adequate compensation and who have worked for Defendants at

any time during the last five (5) years. Plaintiffs, on behalf of others similarly situated, seek relief on a class basis challenging Defendants' failure to pay the Class for overtime wages.

38. The breach of contract claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a class action. The Class in said class action consists of all current and former RF Engineers who were required to perform work beyond (40) hours a week without adequate compensation and who have worked for Defendants at any time during the last five (5) years. Plaintiffs, on behalf of others similarly situated, seek relief on a class basis challenging Defendants' failure to pay the Class for overtime wages.

39. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, et seq.) are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a state-wide class action consisting of all current and former RF Engineers who were required to perform work beyond (40) hours a week without adequate compensation and who have worked for Defendants within the State of Missouri at any time during the last two (2) years. Plaintiffs, individually and on behalf of others similarly situated, seek relief on a class basis challenging Defendants' failure to pay the Class for overtime wages.

40. Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of others similarly situated, seek relief on a collective basis challenging Defendants' practices of misclassifying RF Engineers as independent contractors and failing to pay Plaintiffs and others similarly situated for overtime hours worked. The class for the FLSA claims is defined as: All current and

former RF Engineers of Defendants within the territory of the United States who were not paid adequate overtime compensation at any time during the last three (3) years.

41. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

42. Plaintiffs, individually and on behalf of others similarly situated, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record hours worked by the Plaintiffs and by others similarly situated and Defendants' practice of failing to pay Plaintiffs and others similarly situated for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

43. Plaintiffs bring Count II (Unjust Enrichment), Count III (Mo. Rev. Stat. § 290.500, et seq.), Count IV (Quantum Meruit), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants. Plaintiffs, individually and on behalf of others similarly situated, seek relief on a class basis challenging Defendants' practice of failing to pay Plaintiffs and others similarly situated for overtime hours worked. The Rule 23 classes are each defined as: All current and former RF Engineers within the United States territory who were employed by the Defendants during the past five (5) years and who performed work without proper compensation.

44. Plaintiffs' state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

9

45. The Rule 23 classes satisfy the numerosity standards on the good faith belief that each class will number over sixty (60). As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

46. There are questions of fact and law common to the classes, between classes and within each class, which predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following: a. Whether class members were misclassified as independent contractors;  b. Whether class members were compensated for time spent performing work-related tasks beyond (40) hours a week; c. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful, and d. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

47. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

48. The claims of Plaintiffs are typical of those of each Class in that class members have been employed and paid pursuant to the same compensation structure as Plaintiffs acting as putative Class Representatives and were subject to the same or similar unlawful practices as Plaintiffs acting as putative Class Representatives.

49. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible

standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

50. Plaintiffs, acting as putative Class Representatives, are adequate representatives of the classes because their interests do not conflict with the interests of the members of the classes they seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs acting as Class Representative and their undersigned counsel, who has experience in employment and class action lawsuits.

51. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## **COUNT I – FLSA CLAIM**

52. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

53. Plaintiffs, and others similarly situated, job duties as RF Engineers often caused Plaintiffs, and others similarly situated, to work in excess of forty (40) hours per week.

54. Plaintiffs, and others similarly situated, were not properly compensated for this work at the applicable rate of pay.

55. Plaintiffs, and others similarly situated, were treated as independent contractors by Defendants under the FLSA.

56. The FLSA requires each covered employer, such as Defendants, to compensate all employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

57. All similarly situated RF Engineers are similarly situated in that they are all subject to Defendant's same compensation policies and plan that misclassifies them as independent contractors and denies their overtime compensation.

58. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants as similarly situated RF Engineers within three (3) years from the commencement of this action who have not been compensated at the proper wage of one and one-half times the regular rate of pay for all services performed in excess of forty (40) hours per week.

59. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative class members.

60. The names and addresses of the putative class members are available from the Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including a form of notice) similar to those customarily used in representative and collective actions.

61. Defendants failed to compensate Plaintiffs and the putative class members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §207(a)(1).

62. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a) as Defendants knew or should have known of their unlawful as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. Defendants actions constitute a willful violation of the FLSA because the United States Department of Labor has published opinions stating that these types of employees are not independent contractors. (Exhibit 1).

63. Plaintiffs, on behalf of themselves and all similarly situated RF Engineers of Defendants who compose the putative class, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

64. Plaintiffs, on behalf of themselves and others similarly situated who compose the putative class, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs as Representative Plaintiffs, acting for and on behalf of the putative class members;

c. An award of damages for heretofore unpaid overtime compensation due for Plaintiffs and the putative representative action Plaintiffs;

d. Liquidated damages, to be paid by Defendants; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT

65. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

66. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiffs and others similarly situated. Defendants have been and are being enriched at the expense of Plaintiffs and others similarly situated because Plaintiffs and others were not properly compensated for their work.

67. Defendants intentionally refused to pay Plaintiffs and others similarly situated at the proper rate for all hours worked in excess of forty (40) hours per week.

68. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and others similarly situated.

WHEREFORE, Plaintiffs, individually and on behalf of the class of individuals whom they represent, pray for judgment against Defendants on Count II of the Complaint: (a) for an award of compensatory damages; (b) pre-judgment and post-judgment interest as provided by law; (c)

and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT III – FAILURE TO PAY EARNED OVERTIME
### (Mo. Rev. Stat. § 290.500, et seq.)

69. Plaintiffs re-allege and incorporate by reference each and every averment of this Complaint as though fully set forth therein.

70. At all times material herein, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the Mo. Rev. Stat. § 290.500 et seq.

71. Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

72. Defendants are subject to the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiffs and others similarly situated are employees under Mo. Rev. Stat. § 290.500(3).

73. Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay Plaintiffs and others similarly situated overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

74. Plaintiffs and all similarly situated are victims of an unlawful entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continue to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

75. Plaintiffs and all similarly situated are entitled to damages equal to amount of unpaid overtime premium pay within the two (2) years preceding the filing of this Complaint,

plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

76. Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505 because the Missouri Department of Labor has published opinions stating that these types of employees are not independent contractors. (Exhibit 2). Defendants know or should know the proper rate of pay for Plaintiffs and others similarly situated as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. As a result thereof, Plaintiffs and others similarly situated are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. § 290.505.

77. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and others similarly situated for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, and others similarly situated, demand judgment against Defendants and pray for: (a) compensatory damages; (b) liquidated damages; (c) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (d) for prejudgment and post-judgment interest as provided by law; and (e) for such other relief the Court deems fair and equitable.

## **COUNT IV – QUANTUM MERUIT**

78. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

79. At Defendants' request, Plaintiffs and others similarly situated provided services in the form of work for Defendants. These services had reasonable value.

80. Plaintiffs and others similarly situated regularly worked beyond eight (8) hour shifts, without being compensated for their time.

81. Defendants failed to compensate Plaintiffs and others similarly situated the reasonable value of these services performed on Defendants' behalf.

WHEREFORE, Plaintiffs, and others similarly situated, demand judgment against Defendants and pray for: (a) for an award of compensatory damages; and (b) for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT

82. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

83. An employment agreement existed between Plaintiffs and Defendants and a similar employment agreement existed between others similarly situated and Defendants, the terms and conditions of which included a requirement for employees to perform services for Defendants and an agreement by Defendants to pay Plaintiffs and others similarly situated for all work performed.

84. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiffs and others similarly situated have

performed all conditions precedent, if any, required of Plaintiffs and others similarly situated under their employment agreements.

85. Defendants failed and refused to perform its obligations in accordance with the terms and conditions of its employment agreements by failing to compensate Plaintiffs and others similarly situated for all time worked on behalf of Defendants.

86. Plaintiffs, and others similarly situated, were thereby damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs, and others similarly situated, demand judgment against Defendants and pray for: (a) for an award of compensatory damages; (b) pre-judgment and post-judgment interest as provided by law; (c) and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to jury trial.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiffs hereby designate the United States District Court for the Western District of Missouri at Kansas City as the place of trial.

*(Signature on the following page)*

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Brittany C. Mehl
Ryan M. Paulus        Mo Bar 59712
r.paulus@cornerstonefirm.com
Brittany C. Mehl        Mo Bar 67334
b.mehl@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone              (816) 581-4040
Facsimile              (816) 741-8889
ATTORNEYS FOR PLAINTIFFS