## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL CROCKETT and PATRICK IVLOW-PAQUETTE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>AMNET SERVICES, INC. and CROSSLINK WIRELESS, LLC,<br><br>        Defendants. | Case No.: 4:20-CV-00417-JTM |

### DEFENDANTS AMNET SERVICES, INC. AND CROSSLINK WIRELESS, LLC'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLASS

COME NOW Defendants, AmNet Services, Inc. and Crosslink Wireless, LLC ("Defendants"), by and through undersigned counsel, and for their Suggestions in Opposition to Plaintiffs' Motion to Certify Class, state as follows:

**I.     INTRODUCTION**

The Plaintiffs seek conditional certification of this matter as a collective action for purposes of notice and discovery. However, the Plaintiffs have failed to satisfy their burden of establishing they are similarly situated to other potential class members. Accordingly, Plaintiffs Motion to Certify Class should be denied. Alternatively, the Defendants request that the Court delay deciding Plaintiffs' Motion and give Defendants additional time to brief this issue so that further investigation and discovery into Plaintiffs claims can be conducted.

## II. STATEMENT OF FACTS

The Plaintiffs allege they were misclassified by the Defendants as independent contractors when they were actually employees. Accordingly, they argue they are owed payment for time worked in excess of 40 hours per week during their relationship with Defendants. On October 13, 2020, prior to the undersigned's involvement in the case, the Plaintiffs filed a Motion for Conditional Certification of a Collective Action, in which they argue class certification is appropriate for reasons related to notice.

Although the Plaintiffs cite case law from this Court indicating the burden needed for conditional class certification is not arduous, there is still a burden. That burden belongs to the Plaintiffs, and they have failed to satisfy it. Therefore, the instant Motion is at best premature, and at worst inappropriate, and should be denied, or at least shelved until further investigation can be conducted by the Parties.

## III. ARGUMENT

### A. The Plaintiffs Failed to Meet their Burden Needed for Class Certification

As previously stated by this Court, "the plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Astarita v. Menard, Inc.*, 2018 WL 7048693 at *1 (W.D. Mo. December 7, 2018); citing *Taylor v. Bear Communs., LLC*, 2013 WL 3270971 at *2 (W.D. Mo. June 27, 2013). "A district court may certify a case as a collective action only if members of the class are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages or benefits." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168-71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

A plaintiff must establish "a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Carden v. Scholastic Book Clubs, Inc.*, 2011

WL 2680769, at *2 (W.D. Mo. July 8, 2011); see also *Davis v. Novastar Mortg., Inc.*, 408 F.Supp. 2d 811, 815 (W.D. Mo. 2005). A "colorable basis" is established with "something more than the mere averments" in the plaintiff's complaint. *Carden*, 2011 WL 2680769, at *2. "Although credibility determinations and findings of fact are not required at this stage, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan.27, 2009). "Although the standard is lenient, it is not invisible." *Adams v. Hy–Vee, Inc.*, 2012 U.S. Dist. LEXIS 98590, at *10 (W.D. Mo. May 22, 2012). "Unsupported assertions or those not based on personal knowledge will not show that the plaintiffs are similarly situated" for conditional certification. *Id.* at * 10–11.

In the instant case, the Plaintiffs have failed to meet this burden. They fail to plead that other would-be class members worked over 40 hours per week. They fail to plead that the elements of the relationship between the Plaintiffs and Defendant that they contend render them employees were similar to others with the same job titles. Essentially, the other similarity raised is that all individuals sharing the Plaintiffs' job titles were independent contractors, and even that is not based on first-hand knowledge. Rather, it is based on a vague comment allegedly made by a representative of Defendants that the agreements were common. Accordingly, the Plaintiffs have failed to meet their burden establishing that the potential plaintiffs covered by their proposed class definition are similarly situated to them and their request for class certification should be denied.

**B.    Alternatively, any Decision on Class Certification Should be Delayed Pending Further Investigation**

Undersigned counsel entered appearance in this case on October 27, 2020, just over two weeks prior to the filing of this Response. That is hardly enough time to conduct an investigation which would enable him to best respond to Plaintiffs' request for class certification. If the Court

is not inclined to deny the subject Motion, Defendants request the Court defer ruling on the Motion until Defendants have more time to conduct investigation.

## IV. CONCLUSION

WHEREFORE, Defendants AmNet Services, Inc. and Crosslink Wireless, LLC respectfully request that the Court deny Plaintiffs' Motion to Certify Class, or, in the alternative, grant Defendants additional time to conduct investigation and respond to Plaintiffs' Motion to Certify Class and request such other and further relief the Court deems just and appropriate under the premises.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

  /s/ *James C. Morris*
James C. Morris, #53074
211 N. Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
*Attorney for Defendant Amnet Services, Inc.*
*and Crosslink Wireless, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of November 2020, the foregoing instrument was filed electronically with the Clerk of the Court to be served upon all counsel of record by operation of the Court's ECF System.

                                                /s/ *James C. Morris*