**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL CROCKETT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND PATRICK IVLOW-PAQUETTE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; | ) ) ) ) ) ) ) | Case No. 4:20-00417-CV-RK |
| Plaintiffs, | ) ) | |
| v. | | |
| AM NET SERVICES, INC., CROSSLINK WIRELESS, L.L.C., | | |
| Defendants. | | |

**ORDER GRANTING PLAINTIFFS' PRE-DISCOVERY MOTION FOR CONDITIONAL
CERTIFICATION OF A COLLECTIVE ACTION**

Before the Court, in this action under the Fair Labor Standards Act ("FLSA"), is Plaintiffs' pre-discovery motion for conditional certification of a collective action. (Doc. 15.) For the reasons below, Plaintiffs' motion for conditional certification is **GRANTED**.

### Background

Plaintiffs allege they, and others similarly situated to them, regularly worked for Defendants in excess of forty hours per workweek and were not subject to any exemptions from the overtime requirements of the FLSA. (Doc. 15.) Defendants misclassified Plaintiffs and those similarly situated to them as independent contractors rather than as employees,[1] rather than

---

[1] To the extent that answering the relevant question, "whether Plaintiff[s] ha[ve] a colorable claim that [they are] among a similarly situated class of people who were the *victims* of a single decision, policy, or plan" that was "*unlawful*" requires a minimal overview of the merits, *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1067 (W.D. Mo. 2020), the Court finds Plaintiffs have adequately alleged they were and are misclassified as independent contractors rather than employees.

In determining whether an employee-employer relationship exists, there are six guiding factors:

(1) the degree of control exercised by the alleged employer over the business operations; (2) the relative investments of the alleged employer and employee; (3) the degree to which the employee's opportunity for profit and loss is determined by the employer; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) the degree to which the alleged employee's tasks are integral to the employer's business.

complying with their obligations under the FLSA to pay Plaintiffs overtime compensation for all hours worked in excess of forty each workweek. (*Id.*)

Plaintiffs' motion requests to certify a class of "[a]ll individuals who held the positions of RF Engineer and/or Drive Tester with, and who were classified by Defendant Crosslink Wireless, LLC and/or Defendant Amnet Services, Inc. as independent contractors during the last three years." Defendants oppose the motion for conditional certification. The motion has been fully briefed (Docs. 16, 21) and is now ready for decision.

## Discussion

### I.    Legal Standard

As this Court set out in *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1065–66 (W.D. Mo. 2020):

The FLSA requires employers to pay most employees a regular hourly rate for up to 40 hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of 40. 29 U.S.C. §§ 206, 207(a)(1). The FLSA also provides a private right of action to recover damages for violations of its overtime provisions, including unpaid wages, plus an equal amount of liquidated damages for violations of §§ 206 and 207. 29 U.S.C. § 216(b). An action may be brought by an employee for himself or herself and on behalf of "other employees similarly situated." *Id.* In an FLSA collective action, plaintiffs must "opt in" to participate. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1228-29 (W.D. Mo. 2007).

"A district court may certify a case as a collective action only if members of the class are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages." *Taylor v. Bear Communs.*, LLC, No. 4:12-CV-01261-BCW, 2013 U.S. Dist. LEXIS

---

*Karnes v. Happy Trails RV Park, LLC*, 361 F. Supp. 3d 921, 928 (W.D. Mo. 2019) (citing *Karlson v. Action Process Serv. & Private Investigations, LLC*, 860 F.3d 1089, 1093 (8th Cir. 2017)).

Here, Plaintiffs allege they work exclusively for Defendants and cannot contact, solicit, or provide any services to current or past clients of Defendants for a time period of up to one year after working for Defendants or participate directly or indirectly in any capacity with any business that is in competition with Defendants. Plaintiffs allege they do not advertise their services as independent businessmen in the industry. Plaintiffs allege Defendants have provided them training throughout their employment including training for engineering software, tower testing, band testing, Cloud Radio Access Network testing, and alternative projects requiring new kits or vendors. Plaintiffs allege Defendants tell them their assignments each day and set their work hours; provide them drive test kits, navigation tools, invertors, fuel cards, sim cards, cables, laptops, scanning equipment, and testing cellphones; reimburse them for their hotel expenses; and approve their work. Plaintiffs allege Defendants have control over them and instruct them that they are not allowed to take restroom breaks, meal breaks, or sleeping breaks until each assignment is completed. Plaintiffs allege they report to Defendants nightly summaries and updates on their work.

Applying the six guiding factors to these allegations, the Court finds Plaintiffs have adequately alleged an employee-employer relationship exists between them and Defendants.

90352, at *4 (W.D. Mo. June 27, 2013) (citation omitted). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Id.* (citation omitted). The FLSA does not define the term "similarly situated," and federal courts have applied varying standards to determine whether potential opt in plaintiffs are "similarly situated" under § 216(b). *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688-89 (W.D. Mo. Jan. 23, 2007). Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, a majority of the district courts in the Eighth Circuit use a two-step process. *Id.* (collecting cases); *see also Taylor*, 2013 U.S. Dist. 90352 at *5 (collecting cases).

During the first stage of the two-step process, the named plaintiff moves for class certification for the limited purpose of providing notice to putative class members. *Kautsch*, 504 F. Supp. 2d at 688. During this stage, the "similarly situated" threshold requires only a "modest factual showing." *Id.* at 689 (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp.2d 303, 306 (S.D.N.Y. 1998) and citing *Davis v. Novastar Mortg., Inc.*, 408 F. Supp.2d 811, 815 (W.D. Mo. 2005)). Courts do not evaluate the merits of the plaintiff's claim at this early stage. *Polzin v. Schreiber Foods, Inc.*, No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *7 (W.D. Mo. Aug. 15, 2011). Instead, a plaintiff "need only establish a colorable basis for [a] claim that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at *8 (internal quotation marks omitted). "A colorable basis is established when Plaintiff comes forward with "something more than the mere averments in its complaint in support of its claim." *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (internal quotation marks omitted). This "lenient standard generally results in conditional certification of a representative class." *Polzin*, No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *9. Any doubts in the notice stage should favor allowing conditional certification. *Id.*

If the Court allows conditional certification of a class, putative class members are given notice and the opportunity to opt in, and the action proceeds as a collective action throughout discovery. *Id.* at *8. "At the second step of the process, the defendant may move to decertify the class." *Id.* This step generally occurs after discovery is complete when the parties and the Court have more information. *Kautsch*, 504 F. Supp. 2d at 688.

## II.     Conditional Certification in This Case

Defendants argue Plaintiffs do not sufficiently establish they are similarly situated to other would-be class members:

> They fail to plead that other would-be class members worked over 40 hours per week.  They fail to plead that the elements of the relationship between the Plaintiffs and Defendant that they contend render them employees were similar to others with the same job titles.  Essentially, the other similarity raised is that all individuals sharing the Plaintiffs' job titles were independent contractors, and even that is not based on first-hand knowledge.  Rather, it is based on a vague comment allegedly made by a representative of Defendants that the agreements were common.

(Doc. 21 at 3.)

At this stage of proceedings, however, "Plaintiffs need not show that members of the conditionally certified class *are* actually similarly situated.  That determination will be made after the close of discovery."  *Carden*, 2011 WL 2680769, at *3 (emphasis added).

The Court finds Plaintiffs have shown a colorable basis for their claim that RF Engineers and/or Drive Testers for Defendants and who were classified by Defendants as independent contractors were similarly situated "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the [FLSA]."  *Id.* (internal quotation marks omitted).  Specifically, Plaintiffs assert the class members are similarly situated because they "regularly worked for Defendants in excess of 40 hours per workweek and were not subject to any exemptions from the overtime requirements of the FLSA" and Defendants failed to "pay Plaintiffs overtime compensation for all hours worked in excess of 40 each workweek," and instead "misclassified Plaintiffs and those similarly situated to them as independent contractors rather than as employees."  (Doc. 15.)  Plaintiffs submit two sworn declarations, Independent Contract Agreements, Confidentiality and Non-Competition Agreement, and a Consent to Join of an opt in plaintiff alleging Defendants' failure to pay him for time worked as alleged in these proceedings, to support their allegations.  (Doc. 16., Ex. 1, 2; Doc. 8, Ex. A.)

These documents amount to a sufficient factual showing Defendants had a common policy of misclassifying Plaintiffs and those similarly situated to them as independent contractors rather than as employees and failing to pay them overtime compensation for all hours worked in excess of forty each workweek, in violation of the FLSA, 29 U.S.C. § 201 et seq.  Moreover, it is reasonable to infer from the evidence submitted by Plaintiffs that they, and the opt in plaintiffs,

"would have learned during the normal course of their employment how the company operates and what the company's policies were." *Carden*, 2011 WL 2680769, at *3 (citing *Simmons v. Valspar Corp.*, 2011 U.S. Dist. LEXIS 39340, at *11, 2011 WL 1363988 (D. Minn. Apr. 11, 2011); *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006)). "In the absence of full discovery," such a showing and reasonable inference therefrom are "sufficient at this stage." *Id.*

## III. Class Notice

Plaintiffs request the Court to grant their motion, and additionally request the Court to "enter an Order: (1) conditionally certifying this case as a collective action; (2) authorizing Plaintiffs to send notice of this case to individuals who currently or formerly held "RF Engineer" or "Drive Tester" positions with, and were classified as independent contractors by Defendants within the last three years; (3) requiring Defendants to provide Plaintiffs' counsel with an Excel file containing the name, last known address, and email address for each of these putative plaintiffs; (4) designating Plaintiffs as collective class representatives; and (5) approving Plaintiffs' counsel to act as collective class counsel in this matter[.]" Defendants do not address the additional requests of Plaintiffs in their suggestions in opposition. From a careful review of the record, Plaintiffs' briefing, and the applicable authority, the Court finds these additional requests are reasonable and appropriate at this stage of the proceedings.

### Conclusion

Accordingly, Plaintiffs' motion for conditional certification, including Plaintiffs' accompanying requests, (Doc. 15.) is **GRANTED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 4, 2020