IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL CROCKETT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; AND PATRICK IVLOW-PAQUETTE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED;<br><br>      Plaintiffs,<br><br>v.<br><br>AM NET SERVICES, INC., CROSSLINK WIRELESS, L.L.C.,<br><br>      Defendants. | Case No. 4:20-00417-CV-RK |

## **JUDGMENT**

  Before the Court is the parties' Joint Stipulation for Entry of Consent Judgment (Doc. 103). Plaintiffs Michael Crockett and Patrick Ivlow-Paquette, on behalf of themselves and the 33 similarly situated individuals who have opted into this case (collectively, "Plaintiffs"), together with Defendants AmNet Services, Inc. and Crosslink Wireless, LLC (collectively, "Defendants"), jointly filed their Stipulation as to the following facts and issues for purposes of permitting the Court to enter a consent judgment without the need for trial. Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. On December 4, 2020, the Court granted Plaintiffs' pre-discovery motion for conditional certification of a collective action. (Doc. 23).

2. On December 22, 2022, the Court entered an order granting Plaintiffs' Motion for Summary Judgment, finding: 1) Defendants misclassified Plaintiffs as independent contractors rather than as employees; 2) Defendants are liable for violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") because Plaintiffs actually performed more than 40 hours of work per workweek and Defendants did not properly compensate Plaintiffs for any overtime at one and one half times their regular rates of pay; 3) Plaintiffs' claims should be subject to the maximum, willful three-year statute of limitations, and 4) Plaintiffs are entitled to liquidated damages. (Doc. 94.)

3. Defendants and Plaintiffs stipulate that in light of the Court's summary judgment rulings, there are no factual issues to be tried at this time.

4. To avoid trial on the only issues requiring resolution before a final judgment is entered—i.e. determination of the amount of unpaid overtime wages owed to Plaintiffs, along with liquidated damages, and Plaintiffs' attorneys' costs and fees—Defendants and Plaintiffs jointly stipulate to the entry of this consent judgment as to the amount of Plaintiffs' damages and their attorneys' fees, recoverable litigation costs, and notice administration expenses.

5. Based on their individual and respective maximum three-year statutes of limitation under the FLSA, the Parties stipulate that the 35 Plaintiffs in this matter incurred a combined total of $239,435.59 of overtime damages, and an equal amount of $239,435.59 of liquidated damages for a total of $478,871.18 in damages. The individual amounts of overtime, liquidated, and total FLSA damages for the Plaintiffs are included in a chart in Appendix A to this Consent Judgment.

6. Since the inception of this matter, the parties stipulate Plaintiffs have incurred a total of $142,110.00 in attorneys' fees, $2,991.54 in notice administration expenses, and $1,437.00 in litigation costs.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 11, 2023